UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY A. FIGEL,

    Plaintiff,

v.                                                         Case No. 2:04-cv-164
                                                          HON. ROBERT HOLMES BELL

GERALD RILEY, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Gregory A. Figel, an inmate currently confined at the Alger Maximum Correctional Facility in Munising, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). On August 24, 2006, the court entered an Opinion and Order Approving Magistrate Judge's Report and Recommendation. The court concluded in that Opinion that defendants were entitled to qualified immunity on the Religious Land Use and Institutionalized Persons Act and that genuine issues of material fact existed on plaintiff's retaliation claims. Plaintiff has now moved for summary judgment.

        Summary judgement is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and

admissions on file, that there is genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff's response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." Id. at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff's sole argument for summary judgment is that since defendants filed objections to the Report and Recommendation one day late, defendants have waived contesting the findings of the Report and Recommendation requiring the court to enter summary judgment for the plaintiff. The court in adopting the Report and Recommendation held, as recommended in the report, that a genuine issue of fact remained on the non-dismissed issues. Therefore, plaintiff's claim of entitlement to summary judgment is clearly groundless.

Accordingly, it is recommended that plaintiff's motion for summary judgment (Docket #72) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

   /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   November 22, 2006