UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY A. FIGEL,

    Plaintiff,

v.       Case No. 2:04-cv-164
    HON. ROBERT HOLMES BELL

GERALD RILEY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Gregory A. Figel, an inmate currently confined at the Alger Maximum Correctional Facility in Munising, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, Defendants include Case Manager Denver McBurney, Program Coordinator Nathan Hoffman, and Chaplain Gerald Riley, all of whom are employed at the Alger Maximum Correctional Facility (LMF).

Plaintiff's compliant alleges that while he was confined at LMF, Defendants removed him from the Kosher Meal Program as an act of retaliation and threatened further retaliatory acts including denying Plaintiff copies of necessary legal documents. Plaintiff was initially receiving kosher meals based on his declaration of Judaism as his religious faith. In July 2002, Figel asked to be baptized by full immersion and subsequently changed his religious declaration to Reformed Protestant. Figel then challenged the prison officials' denial of his request for baptism by full immersion in a civil rights action in which he claimed violations of his First Amendment rights and

his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (the RLUIPA). On February 23, 2004, this case was resolved in favor of the Defendant prison officials. Figel retained the declaration of Protestantism and, on April 28, 2004, was removed from the Kosher Meal Program following an administrative hearing based on a determination that the Protestant faith group does not require kosher meals. Plaintiff claims that Defendants violated his rights under the First Amendment and the RLUIPA.

Presently before the Court is Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. This is Defendants second motion for summary judgment on these same issues. The court denied Defendants first motion for summary judgment on the First Amendment issues and granted the motion on the RLUIPA claim. Defendants again assert that they are entitled to qualified immunity on the remaining claims. Plaintiff has filed a response and the matter is ready for decision. Summary judgement is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is genuine issue of material fact for trial. *Id*. at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff's response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in

2

support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." Id. at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that they are entitled to qualified immunity on Plaintiff's remaining First Amendment claims. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

"The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id*.

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent."

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

>The Sixth Circuit has observed:
>
>"A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred."

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus, qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983. Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty. *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten). *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990) (a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983) (police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

Defendants claim that they are entitled to summary judgment on Plaintiff's claim that the denial of a kosher diet violated his First Amendment right to freely exercise his religious beliefs. The court has already determined that a genuine issue of fact exists regarding whether Plaintiff's

5

First Amendment freedom of religion rights were violated when he was removed from the kosher diet. Defendants argue that they were not sufficiently involved in the alleged improper action. The court has already ruled on this issue. Defendants even specifically objected to the previous Report and Recommendation regarding this issue. There exists no reason to revisit this issue as an issue of fact exists whether Defendants violated Plaintiff's First Amendment religious rights.

Defendants have presented a new issue on Plaintiff's retaliation claim. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394.

Here, Defendants argue that Plaintiff did not engage in protected conduct prior to the alleged retaliatory act because the lawsuit that he relied upon as protected conduct was dismissed showing that it lacked merit. Defendants argue that in order to engage in protected conduct, the underlying case must have merit. *Herron v. Harrison*, 203 F.3d 410 (6th Cir. 2000). Defendants have misrepresented the holding in *Herron* and completely ignore a case that should be familiar to them, *Bell v. Johnson*, 308 F.3d 594 (6th Cir. 2002). In *Herron* the court stated:

> This right is protected, however, only if the grievances are not frivolous. *See Lewis v. Casey*, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (Depriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions."). Thus Herron's pursuit of legal claims against CCCF officials in the instant case and in previous cases was protected conduct only to the extent that the

6

> underlying claims had merit. . . . Herron therefore may not now allege specific retaliation by prison officials against him for pursuing the free exercise claims that were dismissed as frivolous . . . .

*Id.* at 415. In *Bell,* the Sixth Circuit further explained the protected conduct requirement where the underlying lawsuit was dismissed on the merits. The Sixth Circuit held that "*Herron's* ruling is limited to retaliation claims involving suits dismissed as frivolous. The Supreme Court's decision in *Lewis*, upon which *Herron* relied makes it clear that a claim need not be successful to be non-frivolous." *Bell* at n. 5. Plaintiff's underlying claims were clearly not frivolous. Plaintiff has satisfied his burden of establishing protected conduct. In the opinion of the undersigned, a question of fact exists regarding Plaintiff's retaliation claim.

Accordingly, it is recommended that Defendants' motion for summary judgment (Docket #106) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: April 27, 2007